IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHEYENNE-ARAPAHO GAMING COMMISSION, an agency of the Cheyenne and Arapaho Tribes of Oklahoma; and APACHE TRIBE OF OKLAHOMA, a federal recognized Indian Tribe, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. CIV-04-1184-R |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) |

### APACHE TRIBE OF OKLAHOMA'S RESPONSE
### TO THE ORDER OF THE COURT DATED APRIL 11, 2006

COMES NOW Plaintiff, Apache Tribe of Oklahoma, and respectfully submits the following brief as its response to the Court's April 11, 2006, Order.

**I. INTRODUCTION**

On September 20, 2004, Plaintiff brought this administrative appeal, under the APA[1], to challenge two decisions of the Department of Interior ("DOI").[2] Specifically, Plaintiff brought this action to seek judicial review of Defendant Mary Downing's[3] March 23, 2004, decision that the sites described in the Chickasaw Nation Indian Country Off-Track Wagering Compact ("Compact") are located within the area of land constituting the former reservation of the Chickasaw Nation. (Amended Complaint (Doc. No. 10), p.5, ¶ 14.) Plaintiff's Amended Complaint also seeks judicial review of

---

[1] Administrative Procedures Act ("APA"), 5 U.S.C. §701, *et seq*.

[2] Apache Tribe's First Amended Complaint was filed on October 22, 2004. (Doc. No. 10)

[3] At the time of her decision, Defendant Downing was the Acting Regional Director for the United States Department of Interior for Indian Affairs.

Defendant Dave Anderson's[4] March 24, 2004, decision, that the Compact does not violate IGRA[5], Federal law, or the DOI's trust responsibility, which decisions specifically and necessarily rely on Defendant Downing's determination that the area of land specified in the Compact constitutes former reservation land. (Amended Complaint (Doc. No. 10), p.5, ¶ 14.)

On December 23, 2005, eight months after filing its answer, Defendant United States of America filed a motion seeking dismissal of Plaintiff's appeal. (Doc. No. 43.) Although Defendant United States raised several issues, it did not challenge Plaintiff's standing to pursue this administrative appeal. (Id.) Plaintiff has now responded to Defendant United States' motion (Doc. No. 52) and Defendant United States of America filed a reply (Doc. No. 56).

On November 21, 2005, Plaintiff filed a motion seeking discovery from Defendants on a variety of subjects, including without limitation, the production of the entire administrative record relative to the decisions at issue; all post-1988 fee to trust applications and supporting documentation (including deeds) for the State of Oklahoma; all documents held by the NIGC and/or BIA relating to post-1988 land acquisitions in the State of Oklahoma; all documents relating to Sharon Blackwell's 1993 memorandum regarding former reservation lands, including any documents or authority relied upon by Blackwell; all documents relating to or relied upon by Downing in making her March 23, 2004 determination; and all documents relating to or relied upon by Anderson in making his March 24, 2004 determination. (Doc. No. 39.) Defendants have responded to

---

[4] At the time of his decision, Defendant Anderson was employed as the Assistant Secretary for the United States Department of Interior for Indian Affairs.

[5] The Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §2701, *et seq.*

Plaintiff's motion for discovery (Doc. No. 42) and Plaintiff, with leave of Court, filed a reply brief (Doc. No. 48).

On April 11, 2006, the Court entered an Order raising the issue of Plaintiff's "standing to challenge the approval of another Tribe's application." (Doc. No. 58, at 1.) In that order, the Court directed Plaintiff "to file a supplemental brief setting forth the factual and legal grounds upon which its standing is based, within ten (10) days of the date of" the April 11, 2006, Order. This brief is offered by Plaintiff in response to the Court's Order.

## II. STANDARD OF REVIEW OF PRELIMINARY QUESTIONS OF STANDING

At this point in the litigation, when there is no dispositive motion pending but rather a motion to dismiss under Fed.R.Civ.P. 12(b), the Court should review the issue of Plaintiff's standing as if it were presented in a motion to dismiss. That standard, as summarized by the United States District Court for the District of Columbia is:

> "For purposes of ruling on a motion to dismiss for want of standing," the Court must "accept as true all material allegations of the complaint." Warth [v. Sledin,] 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

City of Roseville v. Norton, 219 F.Supp.2d 130, 144 (D.D.C. 2002). See also Lujan v. Defenders of Wildlife, 405 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."); Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005) (complaint must be construed in favor of complaining party).

### III. PLAINTIFF'S STANDING TO BRING THIS APA APPEAL[6]

    A.    <u>**Prudential Standing under the APA**</u>

In addition to satisfying the requirements of constitutional standing, Apache Tribe must satisfy the APA's prudential concerns for standing. <u>Cheyenne-Arapaho</u>, 214 F.Supp.2d at 1166, n. 6. In order to show prudential standing, Apache Tribe must bring a cause of action "arguably within the zone of interests to be protected or regulated by the statute in question." <u>Id.</u> at 1166 (<u>citing</u> <u>Nat'l Credit Union Admin. v. First Nat'l Bank and Trust Co.</u>, 522 U.S. 479, 488 (1998); <u>Lujan</u>, 497 U.S. at 893; and <u>W. Shoshone Bus. Council v. Babbitt</u>, 1 F.3d 1052, 1055 (10th Cir. 1993)). <u>See also</u> <u>Fair v. U.S. Envtl. Prot. Agency</u>, 795 F.2d 851, 854 (9th Cir. 1986) (prudential standing is met if Plaintiff's injury is within the zone of interest protected by the statute that was allegedly violated). "The test is not meant to be especially demanding." <u>Cmty. First Bank v. Nat'l Credit Union Ass'n</u>, 41 F.3d 1050, 1054 (6th Cir. 1995) (<u>citing</u> <u>Clarke v. Sec. Indus. Ass'n</u>, 479 U.S. 388, 399-400 (1987)).

Two years ago, the Court addressed the issue of another Tribe's, the Fort Sill Apache Tribe of Oklahoma's, prudential standing to challenge the approval of the Chickasaw Nation Indian Country Off-Track Wagering Compact ("Compact"). <u>See</u> <u>Fort Sill Apache Tribe of Oklahoma v. United States of America</u>, Case No. CIV-04-337-R, In the United States District Court for the Western District of Oklahoma, Order dated April

---

[6] The Court's Order dated April 11, 2006 states: "[t]he parties have not adequately addressed the issue of whether the Plaintiff Tribe has standing to challenge the approval of another Tribe's application," (Doc. No. 58, p. 1.), citing <u>Head Start Family Education Program, Inc. v. Cooperative Educ. Serv. Agency 11</u>, 46 F.3d 629 (7th Cir. 1995) and 5 U.S.C. §702. "Standing is a threshold issue and [a] jurisdictional prerequisite for maintaining a case in a federal forum," <u>Cheyenne-Arapaho Gaming Comm'n v. Nat'l Indian Gaming Comm'n</u>, 214 F.Supp.2d 1155, 1166 (N.D. Okla. 2002) Apache Tribe will, therefore, address both prudential standing under the APA as well as constitutional standing under Article III.

15, 2004 (Doc. No. 26) (hereinafter cited as the "April 15, 2004, Order") (attached hereto as Exhibit 1).

In that case, the Court concluded that the Fort Sill Apache Tribe had shown that Defendant Anderson's March 24, 2004, decision was "a final decision of the Department of Interior, 25 C.F.R. §2.6(c), that is, a "final agency action." See the April 15, 2004, Order, p. 5.[7] The Court then addressed the government's allegations that the Fort Sill Apache Tribe lacked prudential standing to raise a challenge to the Compact. In doing so, the Court summarized and found little merit to the government's claims that the Fort Sill Apache Tribe had failed to show prudential standing:

> Defendants assert that Plaintiff cannot show that such action subjected the Plaintiff to a "legal wrong" or adversely "affected or aggrieved" Plaintiff "within the meaning of the relevant statute," 5 U.S.C. §702, that is, that the interest sought to be protected by Plaintiff is 'arguably within the zone of interests to be protected or regulated by the statute in question," *Kansas v. United States*, 249 F.3d at 1222, *quoting National Credit Union Administration v. First National Bank & Trust Co.*, 522 U.S. 479, 488, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998) because the statute in question, the Indian Gaming Regulatory Act, 25 U.S.C. §2701, *et seq*. (IGRA), specifically 25 U.S.C. §2719(b)(1)(A), removes Plaintiff as a party with an interest which should be addressed. . . . In this regard, Defendants point out that when land placed in trust after October 17, 1988 is within the boundaries of a tribe's former reservation, see 25 U.S.C. §2719(a)(2)(A)(i), as is the case herein, Defendants assert, Congress did not see fit to grant the Plaintiff any advance notice as might otherwise be required under §2719(b) for such land to be used for gaming purposes. Defendants point out that §2719 only grants neighboring tribes like the Plaintiff a legitimate interest in whether land acquired after October 17, 1988 is used for gaming purposed if the land is not part of an Oklahoma tribe's former reservation, as defined by the Secretary. However, like Defendants' argument in *Kansas v. United States*, 249 F.3d at 1223, Defendants argument presupposes that the parcel of land in question is within the former reservation of the Chickasaw Nation, as defined by the Secretary, which Plaintiff impliedly challenges. If the parcel is not within the former reservation of the Chickasaw Nation, then Plaintiff as a nearby

---

[7] Apache Tribe incorporates by reference *Sections (A)(1)* and *(A)(2)* of its Amended and Corrected Response to United States' Motion to Dismiss, discussing in detail Defendant Downing's March 23, 2004 and Defendant Anderson's March 24, 2004 final agency actions.

> Indian tribe is within the zone of interest to be protected by the statute in question. *See* 25 U.S.C. §2719(b). Accordingly, the Court concludes that the interest sought to be protected by the Plaintiff is "*arguably* within the zone of interests to be protected or regulated by the statute in question." *National Credit Union Administration v. First National Bank & Trust Co.*, 522 U.S. 479, 488, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998)(emphasis added). *Compare with Kansas v. United States*, 249 F.3d at 1222-23.

See the April 15, 2004, Order, pp. 5-6.

In this APA appeal, Apache Tribe stands in a similar position to that of the Fort Sill Apache Tribe. In this APA appeal, Defendant Downing's challenged decision that the sites described in the Compact are located within the area of land constituting the former reservation of the Chickasaw Nation and Defendant Anderson's decisions that the Compact does not violate IGRA, Federal law, or the DOI's trust responsibility, which decisions specifically and necessarily rely on Defendant Downing's determination, place the Apache Tribe squarely in the "zone of interest" as the challenged decisions directly affect the notice and consultation required to be given and afforded the Apache Tribe[8] under §2719 as well as the obligation of the Bureau of Indian Affairs ("BIA") to look beyond the use for the land identified by the Chickasaw Tribe in its application. See City of Roseville v. Norton, 219 F.Supp.2d 130, 157-58 (D.D.C. 2002) (organizational plaintiff had standing to challenge government's decision to take land into trust because absent the statutory exception invoked by the government, the government "would be required to make a determination regarding the possible detriment of a gaming facility to the 'surrounding community'" under §2719(b)(1)(A)); Artichoke Joe's v. Norton, 216 F.Supp.2d 1084, 1117 (E.D. Calif. 2002) (if Plaintiff's interpretation of statute – not the

---

[8] The location of one or more of the facilities proposed under the Compact, as well as one or more facilities established pursuant to the definition of "former reservation" contained in Sharon Blackwell's 1993 memorandum, are indisputably located within fifty (50) miles of the Apache Tribe's jurisdiction. (Doc. No. 20, p. 1.)

government's – is correct, challenged decision directly affects Plaintiff's interests); Kansas v. United States, 244 F.3d 1213, 1223 (10th Cir. 2001). See also Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d 1489, 1496 n. 9 (Ct. App. 1997).

### B.   Constitutional Standing

The requirements of constitutional standing are often repeated:

> To establish standing under Article III of the Constitution, plaintiffs must meet three requirements. First, [plaintiffs] must demonstrate that they have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations and citations omitted). Second, plaintiffs must establish causation - a causal connection between the injury and the defendant's conduct. Id. Third, [they] must demonstrate redressability - it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id. The party invoking federal jurisdiction bears the burden of establishing these elements. Id. at 561, 112 S.Ct. 2130.

Cheyenne-Arapaho, 214 F.Supp.2d at 1166. Stated another way, Apache Tribe must show "that it suffered (1) a personal injury (2) fairly traceable to the [challenged decisions] and (3) likely to be redressed" by a favorable decision. Kansas City S. Indus., Inc. v. ICC, 902 F.2d 432, 429 (5th Cir. 1990).

In this case, Apache Tribe clearly satisfies the three elements of constitutional standing. First, the challenged decisions permit the Chickasaw Tribe to conduct gaming on the sites identified in the Compact without the notice and consultation required under 25 U.S.C. §2719. The challenged decisions also resulted in injury to Apache Tribe because the decisions wrongfully permitted the Chickasaw Nation to open casinos in direct competition with Apache Tribe. Kansas City Southern, 902 F.2d at 429 (economic injury satisfies injury in fact requirement) and Fair vs. United States Envtl. Prot. Agency, 795 F.2d 851, 853-854 (9th Cir. 1986) (pecuniary injury is a sufficient basis for standing);

Am. Greyhound Racing, Inc. v. Hull, 146 F.Supp.2d 1012, 1032-33 (D. Ariz. 2001) (argument that plaintiff suffers competition from tribe's "illegal" gaming satisfies standing requirements) and Nat'l Credit Union Admin., 522 U.S. at 490 citing Inv. Co. Inst. vs. Camp, 401 U.S. 617 (1971) (injury from competition as a result of government action satisfies standing requirements).

Second, Apache Tribe's injury was caused by the challenged decisions as absent a determination that the sites are located in Chickasaw Nation's former reservation and without the determination that the Compact does not violate IGRA, Federal law, or the DOI's trust responsibility, the Compact would not have been approved. Finally, if the Court adopts Plaintiff's interpretation of "former reservation" – one that reasonably limits and not uncontrollably expands Indian gaming in Oklahoma – Plaintiff's injury would be redressed as Defendants would be, at a minimum, prohibited from authorizing additional casinos on lands that do not meet the definition of "former reservation." Wilbur, 423 F.3d at 1108-1109.

## IV. CONCLUSION

For the foregoing reasons, Apache Tribe of Oklahoma respectfully requests the Court find that it has demonstrated both constitutional standing as well as prudential standing to raise a challenge to the final decisions identified in Apache Tribe of Oklahoma's Amended Complaint.

Respectfully submitted,

*s/ Rodney K. Hunsinger*
Lyndon W. Whitmire, OBA #17164
Rodney K. Hunsinger, OBA #19839
William S. "Bill" Price, OBA #7308
PHILLIPS McFALL McCAFFREY
 McVAY & MURRAH, P.C.
One Leadership Square, 12th Floor
211 North Robinson
Oklahoma City, Oklahoma  73102
Telephone: 405-235-4100
Facsimile: 405-235-4133
lwwhitmire@phillipsmcfall.com
rkhunsinger@phillipsmcfall.com
wsprice@phillipsmcfall.com

-and-

Richard J. Grellner, OBA #15521
439 NW 18th Street
Oklahoma City, OK 73103
(405) 834-8484
(405) 602-0990 (fax)
rjgrellner@hotmail.com
rjgrellner@yahoo.com
***Attorneys for Plaintiff***

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2006, I electronically transmitted the attached document to the Clerk of the Court using the ECF System.  Based on the electronic records currently on file, the Clerk will transmit a Notice of Electronic Filing ("NEF") to the following ECF registrants:

Judy A. Copeland
Steven K. Mullins
210 W. Park Avenue, Suite 400
Oklahoma City, OK 73102
***Attorneys for Defendants***

*s/ Rodney K. Hunsinger*