**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| APACHE TRIBE OF OKLAHOMA, )<br>a federally recognized Indian Tribe, )<br>)<br>    **Plaintiffs,** )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>    **Defendants.** ) | Case No. CIV-04-1184-R |

**O R D E R**

    This action arises under the federal Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701-2721. On March 24, 2004, pursuant to the statutory authority set forth in 25 U.S.C. § 2710(d)(8)(A) and delegated authority, the Assistant Secretary of the Department of the Interior approved a class III off-track wagering gaming compact submitted by the Chickasaw Tribe of Oklahoma. The Plaintiff in this action, the Apache Tribe of Oklahoma, is challenging the approval of the compact and the determination made during that process that the land described in the Compact in Marlow, Oklahoma is "located within that area of land constituting the former reservation land of the Chickasaw Nation in Oklahoma." The Defendants support their determination and approval of the Compact. On June 28, 2007, the Court conducted oral argument on this matter. Having considered the parties' submissions, the Court finds as follows.

**Background**

Plaintiff is challenging the March 24, 2004, approval by the Secretary of the Department of the Interior of a class III gaming compact between the Chickasaw Tribe of Oklahoma and the State of Oklahoma providing for off-track betting at sites in Oklahoma, specifically in Carter, Garvin, Marshall, and Stephens counties.  Plaintiff, which alleges that it is a nearby tribe, argues that the administrative record does not support the conclusion that the Compact does not violate the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721.  Plaintiff seeks declaratory relief, asking the Court to declare that the Defendants' determination that certain land held in trust for the Chickasaw tribe in Stephens County is "former reservation land" of the Chickasaw nation for purposes of 25 U.S.C. § 2719 "was arbitrary, capricious, an abuse of discretion, not in accordance with law, unwarranted by the facts, and in excess of statutory authority."  Amended Complaint, p. 6.  Defendants contend that they fulfilled their obligations under IGRA in approving the Compact.  The operative issue in this litigation is whether during the course of approval of the Compact it was properly determined that the land described therein was "former reservation land" under the IGRA.[1]  Additionally, Plaintiff contends Defendants failed to consider whether the Chickasaw tribe ever exercised governmental power over the tract of land in question, which Plaintiff contends is part and parcel of a § 2719 determination.

The Court's review of the final agency decision in this case is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, specifically 5 U.S.C. §

---

[1] The Plaintiff is only challenging the gaming site in Marlow, Oklahoma.

706(2)(A), which requires the Court to set aside an agency action found to be "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." The parties have not devoted substantial discussion to the applicable standard of review, although the Plaintiff has argued that deference pursuant to *Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984), is not warranted. The Court concludes that it is not necessary to determine whether the Secretary's approval of the Compact and any underlying decisions, such as the March 23, 2004 decision that the land at issue was former reservation land, are entitled to *Chevron* deference because the administrative record does not support approval of the Compact under any standard. That is, regardless of the deference due, the administrative record is so lacking in substance that it fails to provide a satisfactory explanation for approval of the Compact.

> A federal court may not set aside an agency decision unless that decision fails to meet statutory, procedural or constitutional requirements, or is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A)-(D); *see Sac and Fox Nation*, 240 F.3d at 1260-61.

*Kansas v. United States*, 249 F.3d 1213, 1228 (10th Cir. 2001).

> Notwithstanding this deferential review standard, the agency "must ... articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.... Normally, an agency ... [decision] would be arbitrary and capricious if the agency ... entirely failed to consider an important aspect of the problem." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (internal citations and quotations omitted).

*Id.* at 1228-29.

As noted, on March 24, 2004, Dan Anderson, Assistant Secretary for Indian Affairs, informed the governor of the Chickasaw Nation that the off-track wagering compact between the Chickasaw tribe and the State of Oklahoma had been approved, upon a finding that it did not violate IGRA. The approval of the Compact was based in part on a March 23, 2004 letter written by Mary L. Downing, Acting Regional Director of the United States Department of the Interior, Bureau of Indian Affairs, wherein she opined that "[t]he sites described in the Compact are located within that area of land constituting the former reservation of the Chickasaw Nation in Oklahoma." Her opinion was based on a September 21, 1993 memorandum issued by a field solicitor from Tulsa Oklahoma, Sharon Blackwell. In considering the acquisition of land by the Cherokee Nation of Oklahoma in Catoosa, Oklahoma for gaming purposes, Ms. Blackwell opined "that the former treaty lands of the Five Civilized Tribes, and specifically the proposed acquisition of the Cherokee Nation in the City of Catoosa, Rogers County, Oklahoma, for gaming purposes, are tantamount to 'former reservation lands' as intended by Congress in 25 U.S.C. § 2719(a)(2)(A)(i) and should be accorded that status for purposes of the IGRA."

> In 1988, Congress enacted the IGRA to provide a statutory basis for the operation and regulation of Indian gaming. IGRA provides that "Indian tribes have the exclusive right to regulate gaming activity on *Indian lands* if the gaming activity is not specifically prohibited by Federal law and is conducted within a State which does not, as a matter of criminal law and public policy, prohibit such gaming activity."

*Wyandotte Nation v. National Indian Gaming Comm'n*, 437 F.Supp.2d 1193, 1199 (D.Kan. 2006) (emphasis added) (quoting 25 U.S.C. § 2701(5)). Gaming may only be conducted on

Indian Lands. "'Indian lands' include all lands within the limits of any Indian reservation and any lands title to which is held in trust by the United States for the benefit of any Indian tribe of individual or held by any Indian tribe or individual subject to restriction by the United States against alienation and over which an Indian tribe exercises governmental power." 25 U.S.C. § 2703(4). Before an Indian tribe may conduct class III gaming, it must first negotiate a compact with the state in which the Indian land is located. 25 U.S.C. § 2710(d)(3)(A). If the Tribe and State reach an agreement, the compact is submitted to the Secretary of the Department of the Interior, who may approve, disapprove or take no action on it. 25 U.S.C. § 2710(D)(8). "If the Secretary does not approve or disapprove a compact [within] 45 days after the date on which the compact is submitted to the Secretary for approval, the compact shall be considered to have been approved by the Secretary, but only to the extent the compact is consistent with [the IGRA]." 25 U.S.C. § 2710(d)(8)(C). Furthermore, the Secretary is permitted to disapprove a compact only if it violated IGRA, any other provision of federal law, or the United States' trust obligations to Indians. 25 U.S.C. § 2710(d)(8)(B).

In addition to limiting Indian gaming to Indian lands, the IGRA generally prohibits gaming on lands acquired in trust by the United States after October 17, 1988. 25 U.S.C. § 2719. There are certain exceptions to the limitation, one of which forms the basis for the instant dispute. Section 2719 provides, in part, that gaming is permitted on lands acquired after October 17, 1988, if the Indian tribe had no reservation as of that date, and the lands are located in Oklahoma within the boundaries of the Indian tribe's former reservation, as

defined by the Secretary, or contiguous to other land held in trust or restricted status by the United States for the Indian tribe in Oklahoma. 25 U.S.C. § 2719(a)(2)(A). Plaintiff contends that the decision by the Secretary that the lands in the Chickasaw Compact are within the boundaries of the Indian tribe's former reservation violated the Administrative Procedure Act. As a result, Plaintiff contends that its rights were violated, because if the land in Stephens County is not part of the Chickasaw Indian's former reservation land, it was entitled to comment on the potential impact of the gaming compact. *See* 25 U.S.C. § 2719(b)(1)(A).

Plaintiff contends that the administrative record fails to support the decision that the lands at issue are "former reservation lands." Plaintiff additionally contends that the Defendants utilized an improper definition of former reservation, limiting its consideration to the geographic boundaries of the Chickasaw tribe's former reservation without determining whether the tribe exercised jurisdiction over the land.

At oral argument, the Defendants argued that they had fulfilled their obligations under IGRA by concluding that the land at issue was held in trust by the United States. Defendants contend that once it determines that the land is held in trust, the lands are to be considered "Indian lands" under IGRA where gaming is permissible. Defendants disavowed any specific duty to determine whether the lands were "former reservation lands" under 25 U.S.C. § 2719, and conceded that if such a duty exists, the administrative record does not support a finding that the land in Marlow Oklahoma was "former reservation land" of the

Chickasaw tribe. The Court disagrees with Defendants' attempt to curtail their role under IGRA, but concurs with its admission regarding the sparsity of the administrative record.

The Court disagrees slightly with Plaintiff's theory that a former reservation determination under § 2719 includes a jurisdictional element. The Court concludes that the inquiries under 25 U.S.C. § 2703 and 25 U.S.C. § 2719 are separate and distinct. The Indian land determination that must be made under § 2703 includes elements of jurisdiction and governmental control. If it is determined that gaming is to occur on Indian lands, there remains the issue of gaming on land acquired after 1988 and the applicability of an exception to the general prohibition, in this case the former-reservation land provision.

As noted above, 25 U.S.C. § 2703(4) defines Indian lands to include any lands title to which is either held in trust by the United States for the benefit of any Indian tribe and over which an Indian tribe exercise governmental power.[2] If Defendants' sole obligation under IGRA was to determine whether land is held in trust by the United States, the administrative record would suffice to support the approval of the Chickasaw off-track wagering compact. The administrative record includes a copy of the deed of trust, whereby the land was transferred to the United States to be held in trust for the Chickasaw tribe. However, the Court concludes that IGRA imposes greater burdens on the Defendants.

---

[2] The definition of Indian lands is clarified by 25 C.F.R. § 502.12, which defines "Indian lands" to mean
(a) Land within the limits of an Indian reservation; or
(b) Land over which an Indian tribe exercises governmental power and that is either --
    (1) Held in trust by the United States for the benefit of any Indian tribe or individual; or
    (2) Held by an Indian tribe or individual subject to restriction by the United States against alienation

As noted, a compact may not be approved if it violates IGRA, and gaming may only occur on Indian lands. Thus it follows that before a compact may be approved, it must be confirmed that the gaming is anticipated on Indian lands. In this case it doe not appear in the administrative record that any Defendant made an Indian lands determination with regard to the land in Marlow Oklahoma as required by 25 U.S.C. § 2703(4) and § 2710(d). If such a determination was made, it is not supported by any evidence in the administrative record. There is no evidence in the administrative record that the Chickasaw tribe exercises jurisdiction or governmental control over the parcel of land.

In *Kansas v. Untied States*, 249 F.3d 1213 (10th Cir. 2001), the Court noted that the test for whether land qualifies as Indian land under IGRA requires first that the Tribe have jurisdiction over the tract, that the fee title be restricted, and that the tribe exercises governmental power over the tract. "A proper analysis of whether [a] tract is "Indian land" under IGRA begins with the threshold question of the tribe's jurisdiction." *Id.* at 1229. There is no indication in the administrative record that jurisdiction or governmental control were ever considered in the course of approving the compact.

Additionally, the Court concludes that consideration of the applicability of the § 2719 factors was mandatory before it could be determined that the Compact did not violate IGRA, because the land at issue was acquired in trust after the effective date of the Act. It is apparent from the administrative record that Mary L. Downing made a determination in this regard on March 23, 2004, her opinion letter cites to § 2719(a)(2)(A)(i) and concludes that the lands at issue "are located within that area of land constituting the former reservation of

the Chickasaw Nation in Oklahoma." However, as noted above, counsel conceded at oral argument that if a § 2719 determination was necessary before the Compact could be approved, that the administrative record was insufficient to support the conclusion that the Marlow tract was former reservation land of the Chickasaw tribe. The Court concurs, and again, concludes that such a finding was necessary before the Compact could be approved, and that in the absence of such a determination, the approval of the Compact was arbitrary and capricious.[3]

The Court concludes that because it is not apparent from the administrative record that the proper determinations were made with regard to the Chickasaw off-track wagering compact, that this matter should be remanded to the Secretary for further proceedings consistent with this opinion. The Secretary and the NIGC are instructed to determine whether the land in Marlow Oklahoma that is the subject to the Compact is "Indian land" under IGRA and should consider the applicability of § 2719 to the parcel. Finally, the Defendants should provide an explanation for the determination in both regards and should ensure that the administrative record supports the determination.

## Conclusion.

For the reasons set forth herein, this matter is hereby REMANDED for additional proceedings.

---

[3] Counsel for the Defendants argued that because the Compact would have ripened into an approved Compact had it not been acted upon within forty-five days that a former reservation lands determination was not necessary. However, compacts that are deemed approved as a result of inaction by the Secretary are only approved to the extent they are consistent with IGRA, and the Court had made clear that IGRA requires a § 2719 determination for trust lands acquired after October17, 1988.

**IT IS SO ORDERED** this 18th day of July, 2007.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE